UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATALIE BRADLEY and
REBECCA ALVAREZ,

    Plaintiffs,

v.                                                                                    Civ. No. 24-cv-00497 JHR/GJF

NEW MEXICO HIGHLANDS UNIVERSITY,
BOARD OF REGENTS OF NEW MEXICO
HIGHLANDS UNIVERSITY (A/K/A THE
BOARD OF REGENTS OF NEW MEXICO
NORMAL UNIVERSITY), GLORIA GADSDEN,
and JILL DIAMOND,

    Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

COME NOW Defendants New Mexico Highlands University, Board of Regents of New Mexico Highlands University, Gloria Gadsden and Jill Diamond, by and through their counsel Allen Law Firm, LLC (Michelle Lalley Blake) pursuant to Fed.R.Civ.P. 8(a), 8(d), 12(b)(6) and 12(e) and respectfully submit this Memorandum in Support of the Motion to Dismiss and Alternatively for a More Definite Statement. In support of their Motion, Defendants state as follows:

**I.    BACKGROUND**

Plaintiffs Bradley and Alvarez filed a First Amended Complaint [Doc. 4] (hereinafter "Complaint") on May 27, 2024. Plaintiffs named the Board of Regents of New Mexico Highlands University[1], Gloria Gadsden and Jill Diamond as Defendants. The Complaint sets forth claims for

---

[1] Plaintiffs also named New Mexico Highland University however the University is not a proper party to the lawsuit. See NMSA 1978, § 21-3-4 (The Regents of the New Mexico Highlands University is the proper entity to sue or be

violation of the Family Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, the New Mexico Human Rights Act and the New Mexico Whistleblower Protection Act.  The Complaint consists of 145 paragraphs with an additional eleven pages of unreferenced superfluous print-outs from www.linkedin.com.  A vast number of the paragraphs containing factual allegations are compound, unnecessarily complex, in many instances a single numbered paragraph continues for nearly a full page, and in one instance a single numbered paragraph continues for five pages. (Complaint, ¶ 138)  Because there are so many "facts" or allegations presented in a single paragraph, answering these paragraphs can only be accomplished on a line by line, sentence by sentence basis for each separate Defendant.  Lastly, Plaintiffs routinely identify "Defendants" in the plural rather than identifying what Defendant is alleged to have done what to whom. As a result, Defendants are unable to formulate responsive pleadings or dispositive motions in a clear and concise manner.

## II.     POINTS AND AUTHORITIES

### A. Plaintiffs' Complaint Should Be Dismissed Because It Violates the General Pleading Requirements of the Federal Rules of Civil Procedure.

Pleadings that state a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  Rule 8(d) requires that each allegation in a pleading "be simple, concise and direct."  Plaintiffs' Complaint violates the general pleading requirements of Fed.R.Civ.P. 8(a) and 8(d) and should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond, and to allow the Court to conclude that the

---

sued on behalf of the New Mexico Highlands University.)  Plaintiffs reference to the Board of Regents of New Mexico Highland University "(a/ka the Board of Regents of New Mexico Normal University)" is also not proper. See NMSA 1978, § 21-3-2.

allegations, if proven, show that the plaintiff is entitled to relief. *Washington v. Colorado State Univ. Ft. Collins*, 12-cv-01034-BNB, 2021 WL 4929105, *2 (D. Colo. October 16, 2021) (Not Reported in F.Supp.2d) *citing Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.2007). The requirements of Fed.R.Civ.P. 8 are designed to meet these purposes. *Washington*, at *2, *citing TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D.Colo.1991), aff'd, 964 F.2d 1022 (10th Cir.1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." "Rule 8 serves the important purpose of requiring plaintiff to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2011); *Greene v. Horizon/CMS Healthcare Corp.*, CIV 97-114 JP/DJS, 1998 WL 2030956, *1 (D.N.M. July 13, 1998) (A plaintiff's complaint must provide the named defendant with "fair notice and meaningful opportunity to file a responsive pleading.")

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. *Washington*, at *2. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. *Id*.

Plaintiffs failed to adhere to the requirements of Rule 8(a)(2) and 8(d)(1). The Complaint is 46 pages long and consists of 145 numbered paragraphs. Many paragraphs containing purported factual allegations are compound and contain unnecessary details as well as speculation. *See e.g*. Complaint at ¶¶ 29, 30, 32, 46, 49, 59, 72, 77, 81, 99 and 138. The Complaint also unnecessarily

3

recites case law. *See e.g.* Complaint at ¶¶ 17, 37, 38, 40, 41, 99, 111, 129, 138 and 143. The sheer volume of information provided, both relevant and irrelevant, combined with Plaintiffs' long, compound and needlessly complex paragraphs impedes Defendants' ability to have fair notice of the actual facts and muddles Defendants' ability to concisely answer the Complaint. When the general pleading requirements are not met, a court may dismiss a plaintiff's complaint for failure to state a claim upon which relief may be granted. *Mann*, 477 F.3d at 1148 (affirming the district court's dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) because the court was unable to decipher the plaintiff's allegations.)

Further, Plaintiffs' Complaint is rife with allegations that do not specify or identify which Defendant engaged in the conduct alleged. Instead, many of the numbered paragraphs in the factual contentions and almost all of the paragraphs under Counts I, II and III[2] refer to "Defendants" in the plural form. This "shotgun" approach to pleading results in an incomprehensible complaint and neither the Court nor the Defendants should be required to guess at which specific factual allegations are being asserted against which Defendant. Where multiple defendants are involved, "[i]t is particularly important ... that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *United States ex rel. Brooks v. Stevens-Henager College*, 305 F.Supp.3d 1279, 1292 (D. Utah 2018) (emphasis in original); see also *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (*quoting Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008))

This type of shotgun pleading will inevitably propagate unnecessarily broad discovery and confusion regarding claims. For instance, Defendant Gadsden had very little contact with Plaintiff

---

[2] Paragraphs 117 - 145

Bradley and is not identified as having any role in Bradley's request for FMLA, yet Bradley's claim of FMLA discrimination is brought against all "Defendants." (Complaint, Count I, p. 35) Similarly, under the heading "Plaintiff Rebecca Alvarez," encompassing paragraphs 67 - 98, Alvarez did not mention Defendant Diamond's name a single time, yet later the in the Complaint contends "Defendant**s** expanded efforts to undermine Dr. Alverez," and that "Defendant**s**" continued to harass Alvarez after she filed a NMHRB/EEOC Charge. (Complaint, ¶¶ 85, 93, 94, 95 and 96)(emphasis added)  "The Tenth Circuit has admonished all plaintiffs that, if a complaint uses 'either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom' the Court will not speculate as to what acts a particular defendant is alleged to have committed." *New Mexico ex rel. Foy v. Vanderbilt Capital Advisors, LLC*, No. CIV 09-0178 RB/MEH, 2009 WL 3672921, *4, *citing Robbins*, 519 F.3d at 1250.  *See Chavez v. Huerfano Cnty.*, 195 Fed.Appx. 728, 730 (10th Cir. 2006) ("It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case.")

    Plaintiffs' deficient pleading results in an inability of Defendants to answer each claim on behalf of the specific Defendant allegedly in violation of law, and will cause each Defendant to file a separate Answer, or as a group file an unnecessarily lengthy and confusing joint Answer that sets forth a separate response for each Defendant to every numbered paragraph. Given this and the number of other deficiencies in Plaintiffs' Complaint set forth above, Defendant respectfully requests the Court dismiss the Complaint pursuant to Rule 12(b)(6).  *See Robbins* at 1250, citing *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir., May 31, 2001) (granting a motion to dismiss for failure to provide fair notice under Rule 8 in part because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants' ")

5

### B. In the Alternative, Plaintiffs Should Serve a More Definite Statement Because the Complaint is so Convoluted and Complex that Defendants Cannot Reasonably Prepare a Responsive Pleading.

Plaintiffs' Complaint fails to provide Defendants with sufficient notice of the claims being asserted against them, and therefore, as an alternative to dismissal, the Court may order Plaintiffs to serve a more definite statement. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). A motion for a more definite statement is appropriate when a complaint does not distinguish which defendant is alleged to have engaged in actions or conduct. *See generally*, *Moya v. Schollenbarger*, 465 F.3d 444, 446 (10th Cir. 2006) (District court granted a motion for more definite statement when the plaintiff's complaint had several failures, including the failure to specify "what actions were taken by each of the three defendants.")

Plaintiffs manner of pleading does not provide fair notice to Defendants as to which of them is alleged to have done what to whom and Defendants should not bear the burden and expense of breaking down factually compound paragraphs and answering on a line by line basis or guessing to which Defendant the allegation is directed. Accordingly, Defendants respectfully move this Court, as an alternative to dismissal, for an Order directing Plaintiff to serve a more definite statement that meets the requirements of Rules 8 and 12(e).

Respectfully submitted,

*/s/ Michelle Lalley Blake*
Michelle Lalley Blake
ALLEN LAW FIRM, LLC
6121 Indian School Rd. NE, Ste. 230
Albuquerque, NM 87110
(505) 298-9400
mblake@mallen-law.com
*Attorneys for Defendants Board of Regents of New Mexico Highlands University, Gloria Gadsden and Jill Diamond*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July 2024, I caused the foregoing to be filed electronically through the federal CM/ECF filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, as follows:

Trent A. Howell
P.O. Box 2304
Santa Fe, NM 87504
(505) 919-9158
trent@trentahowell.com
*Attorneys for Plaintiff*

*/s/ Michelle Lalley Blake*
Michelle Lalley Blake