UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATALIE BRADLEY and
REBECCA ALVAREZ,

    Plaintiffs,

v.                                                                                         Civ. No. 24-cv-00497 JHR/GJF

NEW MEXICO HIGHLANDS UNIVERSITY,
BOARD OF REGENTS OF NEW MEXICO
HIGHLANDS UNIVERSITY (A/K/A THE
BOARD OF REGENTS OF NEW MEXICO
NORMAL UNIVERSITY), GLORIA GADSDEN,
and JILL DIAMOND,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

Defendants New Mexico Highlands University, Board of Regents of New Mexico Highlands University, Gloria Gadsden and Jill Diamond, by and through their counsel Allen Law Firm, LLC (Michelle Lalley Blake) file this Reply to Plaintiffs' Response to Motion to Dismiss and Alternatively for a More Definite Statement as follows:

**INTRODUCTION**

Plaintiffs' Response misapprehends the gravamen of Defendants' motion and instead exemplifies the concerns upon which the motion is founded. Defendants certainly do not contend that the First Amended Complaint ("FAC") (Doc. 4) is deficient for lack of detail or explanation. To the contrary, Defendants' dispute is with the elaborate and labyrinthine manner of pleading employed by counsel that presages a pretrial sojourn by the parties and the Court necessary to disentangle and simplify the core issues, facts and legal theories in the FAC that should, and easily could have been, framed in a concise and straightforward manner. At this stage in the litigation all

Plaintiffs were obligated to do to initiate their case against Defendants was to provide a short and plain statement of the claims. Instead, Plaintiffs' unwieldly FAC is rife with superfluous information and in one instance, five pages of unnumbered contentions. Defendants' motion requests Plaintiffs submit a complaint that streamlines the operative facts into separately enumerated paragraphs, aligns the allegations with the specific Defendants to whom they pertain, and comports with the letter and spirit of the applicable procedural rules. This "less is more" approach will simplify the litigation going forward and set a more orderly table for future proceedings.

Plaintiffs' Response actually makes Defendants' point better than does Defendants' Motion, inasmuch as their 24 page pleading is mostly a rehash of the allegations in the FAC, much of which is not relevant to the Motion. Defendants had a good faith basis to argue for dismissal of the FAC, and in the alternative also have a good faith basis to request the Court direct Plaintiffs to follow the mandate of Fed.R.Civ.P. 8 and, at a minimum, to reframe the multiple allegations set forth in compound paragraphs as separate, numbered allegations as contemplated by the Rules. See Fed.R.Civ.P. 10(b).

## ARGUMENT AND AUTHORITIES

**A. Defendants Have a Legitimate Basis for Seeking Dismissal of the FAC Because it Violates the Federal Rules Governing Pleadings by Failing to Provide Defendants with Fair Notice and a Meaningful Opportunity to File a Responsive Pleading.**

Defendants' Motion, unlike Plaintiffs' Response, is directed at a very narrow aspect of the FAC addressing the manner and style of the pleading, not its substance or content. Plaintiffs' Response misapprehends the thrust of the Motion and accordingly devotes significant time and effort to defending the sufficiency of the FAC for the purposes of a Motion to Dismiss for failure to state a claim. But this is not Defendants' issue with the FAC. Rather, Defendants merely seek

a determination from this Court that the FAC, because of multiple vague references to collective Defendants throughout the Complaint (on 87 occasions by counsel's own admission in the Response), coupled with lengthy recitations of multiple factual allegations lumped into a single paragraph and the omission to enumerate separate paragraphs for separate allegations, results in an inability of Defendants to answer each claim on behalf of the specific Defendant allegedly in violation of law, and will require an unnecessary lengthy and confusing answer to the FAC. As previously argued, there is authority for a court to dismiss a complaint for failure to provide fair notice regarding what specific facts apply to what specific defendants. This clarification is particularly important where, as here, there are multiple causes of action with different elements and for which various affirmative defenses are available. *Robbins v. Okla. Ex rel. Dep't of Human Servs.,* 519 F.3d 1242, 1250 (10th Cir. 2008); *See also Chandler v. HK Hospitality, LLC,* Civ. 22-16 MV/KK, 2022 WL 17847658 at *2 (D.N.M. December 22, 2022) (quoting *Walker v. Wentz,* No. CIV.A. 1:06-CV-2411, 2008 WL 450438, at *5 (M.D. Pa. Feb. 15, 2008) (unreported) "The use of separate counts becomes increasingly important when a plaintiff files suit against multiple…defendants and alleges various claims against each." *Id.*

Plaintiffs take umbrage at Defendants' perceived attack on the length of the FAC, contending that Defendants seek a "Goldilocks" balance to their pleading that is not required or justified under the Rules. While this argument misconstrues the thrust of the Motion—Defendants are not arguing that the length of the FAC is, alone, sufficient to warrant dismissal--Plaintiffs are also incorrect that the Rules do not address this balance. "Rule 8 is both a *floor and a ceiling:* it can be violated by a complaint that pleads too little and by a complaint that pleads too much." *Residential Funding Co., LLC v. Acad. Mortg. Corp.,* 59 F. Supp. 3d 935, 947 (D. Minn. 2014) (quoted in *Anderson v. Nebraska,* No. 4:17-CV-3073, 2019 WL 3557088, at*8) As Defendants

point out in their Motion, the 145 paragraph FAC includes single numbered paragraphs that run on for multiple pages - and as the Response concedes, contains 87 references to the collective Defendants. Just as a party may not "ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks," *Murillo v. Kittelson*, 8:19CV571, 2020 WL 3250231 at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade,* 980 F. 2d 27, 31 (1st Cir. 1992)), the FAC, no matter how long or short, should not be styled to set out multiple unnumbered factual allegations coupled with global references to Defendants. When this occurs, the problem becomes specific to the party answering the complaint and it becomes an issue of notice. *See, e.g., Duran v. Donaldson,* 1:09-CV-758 BB/DJS, Proposed Findings and Recommended Disposition ((D.N.M. Dec. 22, 2011) (unpublished) (Svet, J., noting that lack of specificity as to which defendant engaged in improper conduct creates an issue of both plausibility and notice) (citing *Robbins, supra)* Where there is inadequate notice provided of the claims against the defending parties, even if it is not a wholesale defect in the pleading, dismissal is one potential remedy. *Robbins, supra,* 519 F.3d at 1250; *See also Greene v. Horizon/CMS Healthcare Corp*., CIV 97-114 JP/DJS, 1998 WL 2030956, at *1 (D.N.M. July 13, 1998) (A plaintiff's complaint must provide the named defendant with "fair notice and meaningful opportunity to file a responsive pleading."); *Smith v. Republic Serv., Inc.,* 2017 WL 4038143, at *3 (E.D. Mo. Sept. 13, 2017) ( dismissal of complaint under Rule 12(b)(6) because it violated Rule 8(a) in that "it did not contain numbered paragraphs….")

B. **The Notice Issues in the FAC Resulting from Global References and Single-Numbered, Lengthy Paragraphs can be Cured by Substituting Specific Names for "Defendants" and by Renumbering the Paragraphs Pursuant to Fed.R.Civ.P. 8(a)(2) and 10(b).**

As Defendants argue in their Motion, Plaintiffs' election to couch numerous separate allegations as multiple lengthy paragraphs lacking individual enumeration is in contravention to Rule 8. As a result, Defendants have no choice but to tackle the unwieldy tasks of both cross-referencing global descriptions of their collective conduct—all 87 of them—and also engaging in a line by line response on behalf of each defendant to the non-enumerated allegations. *See, e.g.,* FAC, ¶ 138. This manner of pleading not only offends Rule 8; even more specifically, Fed.R.Civ.P. 10(b) denounces the style of the FAC pleading to the extent that it requires the FAC to "state its claims in *numbered paragraphs,* each limited as far as practical to a single set of circumstances." Fed.R.Civ.P. 10(b) (emphasis added); *See Green v. State Bd. of Medical Examiners,* 2:18-CV-719-SMD, 2020 WL 1229744, at *3 (M.D. Ala. Mar. 12, 2020) (unpublished) (dismissing complaint for failure to comply with order for more definite statement pursuant to Rules 8 and 10).

When a complaint or portions thereof is not phrased in this manner, it "will be very difficult for defendants to clearly identify in an answer which allegations they are responding to." *Velez v. California,* 2:17-CV-00960, 2017 WL 4540009, at *2, (E.D. Cal. Oct. 11, 2017) (not reported). The disregard of Rules 8 and 10 has resulted in a grant of relief in the form of an order requiring a more definite statement of Plaintiffs' claims—precisely the alternate relief sought by Defendants here. *Velez, supra,* at *2 (ordering a more definite statement where the complaint was written "more like a motion."); *See also Menashe v. Jaoude,* 22-22220-Civ-Scola, 2023 WL 7385602, at *2 (S.D. Fla. Nov. 08, 2023) (Pleadings "rife" with inappropriately extensive paragraphs violated Rules 8 and 10 and not only "aggravate[d] the Court's review, but also [made] it impossible for the Defendants to properly ascertain the nature of the allegations against them.")

Another way in which Rule 10(b) intersects with Rule 8 and addresses the concerns raised in Defendants' motion is that it requires that "each claim founded on a separate transaction or occurrence….must be stated in a separate count…." Rule 10(b). The Rules mandate that the pleader present claims "discretely and succinctly, so that [the] adversary can discern what [the pleader] is claiming and frame a responsive pleading." *T.D.S. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) Plaintiffs' amalgamated, and unnumbered paragraphs run afoul of this requirement and need to be reformulated. There is no question that these Rules, in large measure, operate to allow a party tasked with formulating a responsive pleading to do so in a practical and reasonable fashion.

In the Response, Plaintiffs' do dispute that Fed.R.Civ.P. 12(e) provides the relief requested in Defendants' motion in the form of a more definite statement, and thus they appear to have conceded the point. However, this District's opinion in *Chandler v. HK Hosp.,* 2022 WL 17847658, supra, is nevertheless instructive. In *Chandler*, the plaintiff's FAC included unnumbered paragraphs that were not limited "as far as practicable to a single set of circumstances." *Chandler* at *2, quoting Fed.R.Civ.P. 10(b). The Court noted that "[t]he purpose of Rule 10(b) is to promote simplicity and clarity in pleading, both for the parties and the Court." *Id*; *citing Hook v. Regents of Univ. of California,* No. 05-cv-356 JH/WPL, 2005 WL 8156511, at *2) (unreported). *See also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1322 (4th Ed.).

Finding that compliance with Rule 10 is not a "mere technicality," Judge Vasquez concluded that the unnumbered paragraphs in the FAC made it difficult for the defendants to clarify in their answer to which paragraph (or here, which sentence of multiple unnumbered sentences in one paragraph) they were responding. *Chandler*, at *2 (The requirement of numbered

paragraphs 'is not a mere technicality. Without numbered paragraphs, it is difficult for a defendant to clarify in a response pleading which paragraph of the complaint he or she refers to, and it is difficult for the court to reference particular allegations in an order.' "); *citing Wilson v. Oklahoma*, No. 06-cv-752, 2006 WL 8436365, at *2 (W.D. Okla. Sept. 26, 2006) (unreported); *See also Retmire v. United States,* No. CIV-18-1035-G, 2019 WL 419288, at *2 (W.D. Okla. Feb. 1, 2019) (unreported) (Numbered paragraphs serve to facilitate clarity within a pleading and make it easier for defendants to reference and respond to particular allegations.) Noting that the movant had cited to examples in the FAC of "multiple similar unnumbered paragraphs containing both *unnumbered facts* and legal conclusions," the Court granted defendant's motion for a more definite statement. *Chandler*, at *2.

As Defendants contend in their Motion, "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." Memorandum at 5 (quoting *Chavez v. Huerfano Cnty.*, 195 Fed.Appx. 728, 730 (10th Cir. 2006)). Likewise, the primary reason the Rules require the allegations of a complaint to be "simple, concise and direct" is so that defendants are provided with fair notice of the claims being alleged against them. *See McMillian v. Carr,* 19-cv-859-wmc, 2021 WL 4169359, at *1 (W.D. Wis. September. 14, 2021) (citing Fed.R.Civ.P. 8(d))Defendants are entitled either to the remedy of a dismissal, dismissal with leave to amend the FAC to correct the specific deficiencies in the manner of pleading or to an order requiring the Plaintiffs to parse out their multi-faceted lengthy paragraphs and reformulate them in accordance with the applicable Rules. Of course, more specific references to which of the multiple Defendants Plaintiffs were referring in their 87 collective references would also bring the FAC closer to compliance with well-established pleadings practice.

**CONCLUSION**

Plaintiffs' lengthy Response to Defendants' motion belies their misunderstanding of the very specific and legitimate concerns Defendants hold regarding the manner and style in which the FAC was pled. In striking the ever-critical balance between a party's right to articulate her claims in a manner of her choosing and the requirements imposed by the Rules, the Court is urged in this particular case to consider that the relatively straightforward adjustment of separately numbering the multiple unnumbered sentence paragraphs in the FAC, coupled with clarification of its approximately 87 global references to all Defendants, is a fair and reasonable means to effect that balance. Defendants respectfully suggest that this remedy is contemplated, if not required, by the applicable pleading rules. It is a remedy that will very likely streamline the litigation going forward, because it will enlighten the Court as to the core claims in the case and it will enable Defendants to construct a meaningful response to the FAC that fairly meets its allegations. For these reasons, and based upon the arguments previously set forth in their Motion, Defendants respectfully request that the relief sought herein be granted by the Court.

Respectfully submitted,

*/s/ Michelle Lalley Blake*
Michelle Lalley Blake
ALLEN LAW FIRM, LLC
6121 Indian School Rd. NE, Ste. 230
Albuquerque, NM 87110
(505) 298-9400
mblake@mallen-law.com
*Attorneys for Defendants Board of Regents of New Mexico Highlands University, Gloria Gadsden and Jill Diamond*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 16th day of August 2024, I caused the foregoing to be filed electronically through the federal CM/ECF filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, as follows:

       Trent A. Howell
       P.O. Box 2304
       Santa Fe, NM 87504
       (505) 919-9158
       trent@trentahowell.com
       *Attorneys for Plaintiff*

*/s/ Michelle Lalley Blake*
Michelle Lalley Blake